MILES DODD V. THE STATE.

No. 6704.   Decided February 22, 1922.

**1.—Intoxicating Liquors—Manufacture—Sufficiency of the Evidence.**

Where the evidence was sufficient to sustain the conviction, of unlawfully manufacturing intoxicating liquors, there is no reversible error.

**2.—Same—Confessions—Certifying Witness—Evidence.**

Upon trial of unlawfully manufacturing intoxicating liquor, where the State introduced the confessions of the defendant, there was no error in permitting a certifying witness to the confession to identify the confession.

**3.—Same—Confession—Sufficiency of the Evidence.**

Where the indictment contained an additional count of the unlawful possession of equipment, etc., but the court limited the same to the unlawful manufacture, and thus withdrew the other count, and there was no reliance upon the possession of the still, but solely upon the confession and other circumstances, there was no reversible error.

91 Tex.—11

Appeal from the District Court of San Augustine.   Tried below before the Honorable V. H. Stark.

Appeal from a conviction of the unlawful manufacture of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*E. T. Anderson* and *John F. McLaurin,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for unlawfully manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

We deem it unnecessary to rehearse the evidence, suffice it to say that it is adequate to support the judgment.

The written confession containing all the requisites of the statute pertaining to a confession made by one under arrest, which was witnessed by K. W. Stephenson and J. W. Haygood, was introduced in evidence. Haygood was called as a witness and identified the confession as the one made to the district attorney in accordance with its recitals. The complaint of his testimony was not tenable. It did not purport to relate any fact stated by appellant but merely identified the confession offered in evidence, as the one which he witnessed.

The indictment, in addition to the count charging the unlawful manufacture, charges the unlawful possession of equipment for manufacturing intoxicating liquor. The court in his charge limited the jury to the consideration of the count charging the unlawful manufacture and withdrew the other count from their consideration. Reliance was not had alone upon the possession of the still to prove that the appellant had unlawfully manufactured intoxicating liquor. His confession and the circumstances were sufficient to establish the offense. It would not, therefore, have been proper to have given the charge requested by the appellant to the effect that if the equipment in his possession was not sufficient for the purpose of manufacturing liquor, he must be acquitted.

The judgment is affirmed.

*Affirmed.*